**James Morgan SCOTT, Jr., Appellant,**

v.

**TEXAS WATER DEVELOPMENT BOARD et al., Appellees.**

No. B1953.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 18, 1979.

Rehearing Denied May 9, 1979.

James Morgan Scott, Jr., pro se.

Sidney A. Fitzwater, Robert A. Fitzwater, Vinson & Elkins, Houston, John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Troy C. Webb, Douglas G. Caroom, Richard W. Lowerre, Asst. Attys. Gen., Austin, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

James Scott and Jack Woods (appellants) appeal from the order of the District Court of Fort Bend County dismissing for lack of jurisdiction their attempted administrative appeal from an order of the Texas Water Development Board (Board) approving a reclamation project in Fort Bend County. The Board and the Fort Bend County Levee Improvement District No. 2 (District) are appellees.

On April 1, 1977, appellee, the Board, overruled the motion for rehearing filed by appellants who were contesting the order of the Board approving the "Plans for Reclamation Project" filed by the District. Appellants attempted to appeal from that order pursuant to section 57.094(a) of the Texas Water Code (1972). That section provides:

> If the Board or any interested person is dissatisfied with the action of the Water Development Board in *finally approving or disapproving any plan of reclamation* for the district, the Board or the person may within fifteen days after the final action, file suit against the Water Development Board in the district court of the county in which the court of jurisdiction is located. (emphasis added).

If, as contended by the appellees, the Board's order of April 1, 1977, was an order "finally approving or disapproving any plan of reclamation," and the appeal was brought within fifteen days after it was rendered, the District Court of Fort Bend County would have specific statutory authority to hear an appeal from that order. However, the trial court determined that on August 17, 1976, the final approval of the plan of reclamation was given and that appellants had not appealed from that order within the fifteen day statutory limit provided in section 57.094.

Appellees contend that pursuant to section 57.156(a) and (b) of the Texas Water Code, the district engineer's report becomes the "plan of reclamation" and that Board

approval of that report constitutes a final approval of a plan of reclamation for the purposes of section 57.094. Appellees further claim that the district engineer's report was approved more than fifteen days before appellants filed their appeal in the district court of Fort Bend County. In appellees view, the order appellants attempted to appeal from constituted one step of an administrative approval procedure implemented as a supplement to the statutory "final" approval of the district engineer's report.

■ The Water Code does not define or otherwise explain an "[order] finally approving or disapproving any plan of reclamation." However, the Board, through its rules and regulations promulgated pursuant to statutory authority, has established a three-tier approval procedure. The first tier is Board approval of the district engineer's report. The Water Code mandates a district engineer's report in section 57.154 which provides:

> The engineer shall make a survey of the land inside the boundaries of the district, and land surrounding the district, that will be improved or reclaimed by the system of levees and drainage to be adopted and shall prepare for the board a written report, with maps and profiles, of the results of his survey.

Section 57.156(b) continues:

> When the engineer's report is approved by the water development board and adopted by the board, it shall be known as "The Plan of Reclamation."

Before construction begins, "the water development board must approve the plans for the levees or other improvements." Texas Water Code, § 57.093 (1972). In its rules and regulations, the Board provides:

> EFFECT OF APPROVAL: *The approval by the Board of the district engineer's report is not an approval of a project within the meaning of Section 11.458, Section 57.093 or 57.102 of the Code* and is not subject to disposition under the Rules of Practice and Procedure. Prior to the undertaking of any

construction of a project by a district, however, approval of the Board must be obtained as provided in the Code and these Rules and is subject to the Rules of Practice and Procedure. (emphasis added).

Rules and Regulations of the Texas Water Development Board Relating to Levee Improvement Districts and Approval of Plans for Reclamation Projects 507 (1975).[1] The Board, in promulgating rule 507, expressed the intent that more than approval of a district engineer's report is required to meet the requisites of section 57.093 of the Water Code, yet now takes the contrary position that approval of the district engineer's report constitutes final approval of a plan of reclamation within the scope of 57.094. The Board takes this anomalous stance despite the failure of either the Code or the rules to provide any public input into the approval of the district engineer's report. Therefore, the court's finding that the Board's approval of the district engineer's report of August 17, 1976, was an order finally approving or disapproving a reclamation plan was in error. However, our conclusion does not, of itself, require reversal of the District Court of Fort Bend County lacked jurisdiction for some other reason. Tex.R.Civ.P. 434.

■ Since the District Court of the county of jurisdiction acquires jurisdiction only of orders "*finally* approving or disapproving" a reclamation plan, we must determine whether the Board's action in overruling appellant's motion for rehearing on April 1, 1977, was such an order. The second tier of the Board's approval procedure calls for the District to submit fairly detailed preliminary plans of the project after approval of the district engineer's report. Rules and Regulations 601–607 (1975). Additionally, the Rules provide for public notice and a hearing before approval of the preliminary plans.

608. PUBLICATION OF NOTICE OF APPLICATION FOR APPROVAL OF PROJECT PLANS: When the Engineer has determined that the application is

---

1. Hereinafter cited as Rules and Regulations.

complete with respect to the matters required by Rules 601 through 607 inclusive of these Rules, he will notify the applicant that (1) his application has been placed upon the docket of the Board as a pending proceeding pursuant to Rule 118 of the *Rules of Practice and Procedure* and (2) that the applicant shall proceed to publish a Notice of Application For Approval of Project Plans as required in Rule 609 of these Rules.

609. PUBLICATION OF NOTICE: Upon being notified by the Engineer to publish a Notice Of Application For Approval of Project Plans, the applicant shall cause the same to be published in a newspaper of general circulation in the area wherein the project is to be located one time each week for at least two consecutive weeks. The notice shall include the following:

(a) The exact location of the project as nearly as the same can be described;

(b) The date on which the application was filed with the Board;

(c) The applicant's anticipated construction and completion schedule;

(d) The applicant's name and mailing address;

(e) A description of the project which will enable any interested party to be reasonably apprised of the specific nature and scope of the project;

(f) A statement that any party whose rights are to be affected by the proposed project may file a protest with the Board by mailing or delivering the same to the Engineer or to the Board at the offices of the Board in Austin, Texas; and

(g) A statement that any such protesting party is entitled to have his rights, if any, determined through an administrative hearing to be held by the Board.

. . .

The notice shall be published within a thirty day period beginning with the date that notice to publish is mailed to the applicant by the Engineer. The applicant shall file an affidavit by the publisher with the Engineer which shall certify the fact that the said notice was published and the dates on which publication was made. A sample form for the notice and certification affidavit appears in Rules 902 and 903 of these Rules.

610. OBJECTIONS RECEIVED BY THE APPLICANT: The applicant shall immediately forward to the Engineer any written objection or protest received by the applicant within forty-five days following his notification to publish the notice required by Rule 609 above.

611. DISPOSITION OF APPLICATION: All applications for approval of plans for projects are subject to the requirements of the Administrative Procedure and Texas Register Act, Chapter 61, Acts of the 64th Legislature, 1975 (Senate Bill 41) and shall receive disposition according to the *General and Special Rules of Practice and Procedure of the Texas Water Development Board.* Such applications if containing the requirements of Rules 601 through 607 of these Rules, shall constitute applications within the meaning of the said *Rules of Practice and Procedure,* and shall be placed on the docket as pending procedures pursuant to Rule 118 thereof. The applicant shall be notified as to the disposition of his application immediately upon the issuance of a final decision and order pursuant to the said *Rules of Practice and Procedure.*

Rules and Regulations 608–611 (1975). In describing the scope and purpose of the "preliminary" plans, the rules state that

[t]he purpose of the preliminary plans is primarily to allow the engineer to determine whether the project is safe and is compatible with existing hydraulic conditions in the area, according to the criteria set out in Rule 302 of these Rules. Preliminary plans should show clearly how the design was developed. Details of the structural integrity of the project are not required to be shown in the preliminary plans. *It is the policy of the Board to evaluate the project from preliminary plans in order that the applicant may determine whether the project concept is to be approved prior to the incurring of*

*large expenditures for a complete development of the final plans and specifications.*

Rules and Regulations 602 (1975) (emphasis added). From the above statement of policy and from the extensive notice and hearing requirements, it appears that the "final" approval of a plan of reclamation occurs at the second tier of the Board's approval procedure, to-wit: when the Board approves the preliminary plans.

This interpretation is reinforced when the third tier of the procedure is examined. No notice or hearing are required, nor is the entire Board involved in approving the "final" plans. Instead, following the approval by the Board of a proposed project, the rules require the applicant to submit final plans for the project for *staff* approval before construction begins. Rules and Regulations 801 (1975). Because section 57.094 is directed toward "Board" approval and because rule 801 requires only staff approval, approval of the "final" plans by the staff does not constitute an order by the Board "finally approving or disapproving any plan of reclamation."

Having found the approval of the preliminary plans to be the "final" approval of a plan of reclamation, the remaining issue is whether appellants timely filed their appeal from the "final" approval within fifteen days of its issuance. Appellants, after having participated in the second tier hearings were dissatisfied with the Board's approval and filed a motion for rehearing pursuant to rules 147 and 148 of the General and Special Rules of Practice and Procedure of the Texas Water Development Board (1975).[2] Since the Board established the requirement of motions for rehearings, we determine that the fifteen day limit did not begin to run until after the motion for rehearing was overruled. The record reflects that appellants filed their appeal in the district court of Fort Bend County, the county of jurisdiction, within fifteen days from the overruling of the motion for rehearing, and that therefore appellants have complied with the jurisdictional requi-

sites of 57.094 of the Texas Water Code. The judgment appealed from is reversed and remanded.

Reversed and remanded.

---

2. Herein referred to as the Rules of Practice and Procedure.